# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Cory Allen Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  3:13-cv-73 |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| North Dakota State Hospital, Dr. Free, | ) | |
| Grand Forks County Correctional Center, | ) | |
| Dr. Jamie Roed, James River Correctional | ) | |
| Center, and Dr. Broadhead, | ) | |
| | ) | |
| Defendants. | ) | |

Cory Allen Taylor ("Taylor") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] (Doc. #10). Taylor also filed three motions requesting that his case be allowed to proceed forward (Docs. #17, #25, #27), and a motion to add an additional defendant (Doc. #22). The court reviewed Taylor's complaint and requested that he provide additional information.[2] (Doc. #19). Taylor has responded to the court's request (Doc. #20) and also submitted supplemental information to his response (Docs. #23, #24, #28, #29).

## Background

Taylor states that in 1996 he was diagnosed with paranoid schizophrenia and was successfully treated with the medication Zyprexa until 2003. (Doc. #10, p.5; Doc. #23). In 2003 a doctor who is not named as a defendant in this action changed Taylor's medication to Abilify, which caused Taylor to suffer mental instability and anguish. Id. Taylor states he also became violent after the medication change. (Doc. #23).

---

[1] Taylor was an inmate when he filed his complaint and is subject to the requirements of the Prison Litigation Reform Act.

[2] The court provided Taylor with list of questions to assist him in providing additional information. (See Doc. #19-1).

In 2011 defendant Dr. Free, an employee of the North Dakota State Hospital,

discontinued Taylor's prescription for a period of time because Dr. Free thought Taylor did not

require medication. (Doc. #10, p.5; Doc. #20, p. 2; Doc. #28, p. 1). It appears Taylor may have

been confined at the North Dakota State Hospital in connection with state court proceedings.

(See Doc. #20, p. 2) (Taylor states he was at the North Dakota State Hospital "for a medication

change" pursuant to a court order and that he was released from the facility by Dr. Free "for a

court [d]ate . . . . "). According to Taylor, Dr. Free reinstated his prescription after he tried to

"rip[] a door down" just prior to his release.[3] Id. Taylor alleges Dr. Free failed to monitor Taylor

or adjust the dosage of his medication after his release, which caused Taylor to be unstable. Id.

Taylor contends he assaulted his former girlfriend because he was not being properly medicated

or monitored by Dr. Free.[4] Id.

 In November of 2011, Taylor states he was placed at the Grand Forks County

Correctional Center where he was not given medication for more than 56 days due to Dr. Free's

"neglect" and "negligent decision."[5] (Doc. #10, p. 6; Doc. #20, p. 3). The court infers that Taylor

---

[3] Taylor contends he tried to "rip[] a door down" at the facility on September 10, 2011.
(Doc. #20, p. 2).

[4] At first blush, it appears Taylor assaulted his girlfriend prior to being placed at the
North Dakota State Hospital. Taylor states he assaulted his former girlfriend and was sentenced
to two years of imprisonment on September 27, 2011, which would indicate that the assault
occurred some time before that date and before Taylor tried to "rip[] a door down" at the North
Dakota State Hospital on September 10, 2011. (Doc. #20, p. 2). However, after reviewing the
state court docket, the court has determined September 27, 2011 is not the date Taylor was
sentenced; rather it is the date the assault occurred. See State v. Taylor, Grand Forks County
Case No. 18-2011-CR-01970.

[5] After Taylor appeared in state court for the assault that occurred on September 27,
2011, he was released on bond. See State v. Taylor, Grand Forks County Case No. 18-2011-CR-
01970. Thereafter, Taylor was charged with another assault that occurred on November 2, 2011.
See State v. Taylor, Grand Forks County Case No. 18-2011-CR-02264. Taylor was arrested on

is alleging that had Dr. Free monitored Taylor and adjusted his medication, Taylor would not have assaulted his former girlfriend and ended up at the jail where he was denied medication for more than 56 days. Additionally, Taylor states he is currently serving a two-year sentence because of Dr. Free's failure to monitor and increase the dosage of his medication. (Doc. #20, pp. 4-5).[6]

Defendant Dr. Jamie Roed, an employee of the Grand Forks County Correctional Center, is allegedly responsible for denying Taylor antipsychotic medication for longer than 56 days. (Doc. #20, p. 3; Doc. #28, p. 2). Taylor contends Dr. Roed possessed Taylor's medical charts and knew Taylor suffered from paranoid schizophrenia. Id. Taylor states the medication prescribed to Taylor was not on the approved list of medications at the jail, and Dr. Roed could have simply prescribed a comparable alternative medication.[7] Id. Taylor states that for three days during the period of time when he was not receiving medication he covered himself in feces, which resulted in him being placed in "lock down" for three and a half months. (Doc. #20, p. 3). Taylor also states that Dr. Roed denied him "a visit." Id.

_____

the warrant issued in the second case, and it does not appear he was released on bond. Id.

   [6] Taylor was actually sentenced to five years of imprisonment with three years suspended. See State v. Taylor, Grand Forks County Case Nos. 18-2011-CR-01970 and 18-2011-CR-02264 (concurrent sentences).

   [7] Taylor submitted a psychiatric progress note from the Northeast Human Service Center where he was seen for medication review and supportive therapy on September 25, 2012. (Doc. #24, p. 2). Taylor was incarcerated at the Grand Forks County Correctional Center and was brought to the Human Service Center by correctional center staff. Id. The progress notes indicates Taylor's last appointment was on August 24, 2012, and no medication changes were made at the August appointment. Taylor had been taking Celexa, Hydroxyzine and Risperdal. Id. Therefore, it is apparent that at some point prior to August 24, 2012, Taylor was placed on medication while confined at the facility. Taylor's diagnoses included, amongst others, schizophrenia, a history of malingering, drug and alcohol abuse, and a history of substance induced psychosis. Id.

In May of 2012, Taylor states he had an evaluation by Dr. Lincoln Coombs at the North Dakota State Hospital. (Doc. #22, p. 1). Taylor seeks to add Dr. Coombs as a defendant in this action. Id. Taylor contends Dr. Coombs wrongly diagnosed him as being a malingerer and only suffering from drug and alcohol dependence, despite having a seventeen year history of mental illness. Id. Taylor states that because of Dr. Coombs' erroneous diagnosis, Taylor was not allowed to raise mental illness as a defense to criminal charges and was required to serve two years at the North Dakota State Penitentiary. Id. at pp. 1-2.

Taylor alleges defendant Dr. Broadhead, an employee of the James River Correctional Center, failed to properly diagnose Taylor. (Doc. #10, p. 6; Doc. #20, p. 4). Taylor contends that Dr. Broadhead accused him of malingering, when Taylor was actually suffering from psychotic episodes which resulted in Taylor breaking a window on one occasion, and assaulting police officers on another occasion. (Doc. #20, p. 4). Taylor states that Dr. Broadhead should not have relied on Dr. Free's and Dr. Coombs' diagnoses, and had Dr. Broadhead increased or changed Taylor's medication on those two occasions he would not have become violent.[8] (Doc. #20, p. 4; Doc. #22, p. 2; Doc. #28, pp. 2-3). Taylor states he had to spend thirteen months "in the hole" as a result of Dr. Broadhead's actions. (Doc. #22, p. 2).

Taylor contends all of the doctors were deliberately indifferent to his serious medical needs by under-medicating him. (Doc. #20, p. 4). He states they all knew the dangers that could result from their decisions. Id. Taylor alleges that due to their "medical neglect" he has faced criminal charges. (Doc. #28, p. 2). Taylor explains that the doctors have accused him of

---

[8] In a recent submission by Taylor he states he has now been diagnosed as a diabetic because he was prescribed Risperdal by Dr. Broadhead. (Doc. #29, p.1). Taylor contends that Dr. Broadhead knew the dangers of Risperdal and refused to prescribe a different medication. Id.

malingering because in 2009 he was committed to the North Dakota State Hospital for psychological and chemical dependency treatment, and he told Dr. Free he was only at the facility for the purpose of applying for disability benefits, but what he actually meant was he did not want his chemical dependency issues to arise at his disability hearing. Id. at p. 4. It appears Taylor contends that the doctors should have known or did know he was not malingering. Taylor states he is suing each defendant in his or her individual and official capacities, and he seeks one million dollars in damages. (Doc. #10, pp. 3-4, 7).

## Summary of Recommendation

Taylor's complaint and supplemental documents do not state a claim upon which relief can be granted as to all defendants in their official capacities, or as to defendants Dr. Free and Dr. Broadhead in their individual capacities. It is **RECOMMENDED** that those claims be **DISMISSED** with prejudice. Taylor should be allowed to proceed with his claim that Dr. Jamie Roed, in his individual capacity, was deliberately indifferent to Taylor's medical needs. It is further **RECOMMENDED** that Taylor's motion to add an additional defendant (Doc. #22) be **DENIED** because he can not sustain a claim against the proposed defendant upon which relief can be granted, and that Taylor's three motions requesting that he be allowed to proceed with his claims (Doc. #17, Doc. #25, Doc. #27) be **GRANTED** in part and **DENIED** in part based on the foregoing recommendation.

## Law and Discussion

When a prisoner seeks redress from a governmental entity or employee of a governmental entity the court must conduct an initial review of the complaint prior to service upon the defendants. 28 U.S.C. § 1915A(a). On initial review the court must identify cognizable

claims or dismiss the complaint, or any part of it, that is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

1.     Official Capacity Claims

A state, its agencies, and state officials acting in their official capacities are not persons within the meaning of 42 U.S.C. § 1983 and can not be sued for money damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 & 70-71 (1989). The employees of the North Dakota State Hospital and the James River Correctional Center, Dr. Free and Dr. Broadhead, are state employees and can not be sued for damages in their official capacities pursuant to section 1983.[9]

A suit against a public employee in his official capacity is actually a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Therefore, any suit against a county employee in his official capacity is construed as a suit against the county itself. When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right. Marksmeier v.

---

[9] The same would hold true as to Dr. Lincoln Coombs, an employee of the North Dakota State Hospital, were the court to allow Taylor to add Dr. Coombs as a defendant. Taylor is silent as to the capacity in which he seeks to name Dr. Coombs. The courts will interpret a complaint that is silent about the capacity in which a defendant is sued as alleging only official capacity claims. Egerdahl v. Hibbing Comm. Coll., 72 F.3d 615, 619 (8th Cir. 1989). Therefore, the court would be required to dismiss the complaint with prejudice as to Dr. Coombs for failure to state a claim upon which relief can be granted.

Davie, 622 F.3d 896, 902 (8th Cir. 2010) (citing Monell v. Dep' t of Social Servs., 436 U.S. 658, 690-91 (1978)). The employee of the Grand Forks County Correctional Center, Dr. Jamie Roed, can not be held liable for damages in his official capacity because Taylor has not alleged any policy or custom that caused the alleged constitutional deprivation. It is **RECOMMENDED** that the complaint be **DISMISSED** with prejudice as to all defendants in their official capacities for failure to state a claim upon which relief can be granted.

2.      Deliberate Indifference to Serious Medical Needs

It is unclear whether Taylor was a civil detainee, pretrial detainee, or convicted prisoner when he was confined at the North Dakota State Hospital. Taylor only states that he was confined at the facility pursuant to a court order, and he was released to attend court. It is apparent Taylor was a pretrial detainee when he was allegedly denied medication at the Grand Forks County Correctional Center, and it is likely Taylor was a convicted inmate when he was held at the James River Correctional Center. Regardless of his status, the standard used to determine deficient medical care claims is analogous for civil detainees, pretrial detainees, and convicted inmates. See Scott v. Bensen, 742 F.3d 335, 339 (8th Cir. 2014) (civilly committed individual's right to medical care arises under the Due Process Clause of the Fourteenth Amendment, and "where a patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment") (citations omitted); Jackson v. Buckman, No. 13-1165, 2014 WL 2898459, at *3 (8th Cir. June 27, 2014) (pretrial detainee's right to medical care arises under the Due Process Clause of the Fourteenth Amendment, and although the "claim is rooted in the Fourteenth Amendment, [courts] apply the deliberate-indifference standard that governs claims brought by convicted inmates under the Eighth Amendment") (citations omitted).

A plaintiff claiming an official was deliberately indifferent to his serious medical needs is required to prove both an objective and subjective element. Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004). Taylor must show his medical needs were objectively serious. Christian v. Wagner, 623 F.3d 608, 613 (8th Cir. 2010). This "requires evidence that the medical condition was diagnosed by a physician as requiring treatment, or was so obvious that a layperson would recognize the need for a physician's attention." Id. "Under the subjective prong, [Taylor] must show that the defendants were aware of the need but deliberately disregarded it." Id. Taylor must show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995). Medical malpractice alone is not enough to establish deliberate indifference. Smith v. Clarke, 458 F.3d 720, 724 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.    Dr. Free

According to Taylor he was at the North Dakota State Hospital for a reevaluation of his medication. In Dr. Free's professional opinion, Taylor did not require medication and she discontinued his prescription, likely because she thought Taylor was malingering. Dr. Free placed Taylor on medication again after Taylor tried to break a door. Taylor does not agree the dosage was appropriate, and he contends he assaulted his former girlfriend after he was released because he was not adequately medicated. While Taylor disagrees with Dr. Free's treatment decisions, and even if her decisions were negligent or she committed medical malpractice, Taylor has not established Dr. Free was deliberately indifferent to his serious medical needs. See Estate of Rosenberg, 56 F.3d at 37. It is **RECOMMENDED** that the complaint be

**DISMISSED** with prejudice as to Dr. Free in her individual capacity for failure to state a claim upon which relief can be granted.

B.      Dr. Jamie Roed

Taylor contends Dr. Roed failed to provide him with prescribed antipsychotic medication for longer than 56 days. Taylor also states Dr. Roed denied him "a visit." Dr. Roed's failure to see Taylor on one occasion would not be enough to establish that he was deliberately indifferent to Taylor's medical needs. More significant is the alleged denial of a prescribed medication for more than 56 days. The medical records submitted by Taylor, although dated after this incident, indicate Taylor does have schizophrenia and that information was presumably in prior medical records reviewed by Dr. Roed, including that Taylor had a prescription for the ailment. Additionally, Taylor's contention that he covered himself in feces for three days while being denied medication seems to also indicate his medical needs were objectively serious. Taylor contends Dr. Roed disregarded his medical needs because Taylor's prescription was not on the approved list of medications, and refused to prescribe an alternative medication. The facts as alleged by Taylor state a claim upon which relief could be granted. It is **RECOMMENDED** that Taylor be allowed to proceed with his claim against Dr. Roed in his individual capacity.

C.      Dr. Broadhead

Taylor alleges Dr. Broadhead wrongly diagnosed him and accused him of malingering, and refused to change or increase the dosage of Taylor's medication. Taylor's allegations only demonstrate that Taylor disagreed with Dr. Broadhead's diagnosis and treatment decisions. Taylor has not alleged facts which could demonstrate Dr. Broadhead was deliberately indifferent to his serious medical needs. See Estate of Rosenberg, 56 F.3d at 37.  It is **RECOMMENDED**

that the complaint be **DISMISSED** with prejudice as to Dr. Broadhead in his individual capacity for failure to state a claim upon which relief can be granted.

3.      Motion to Add Dr. Lincoln Coombs as a Defendant.

As noted above Taylor is silent as to the capacity in which he seeks to name Dr. Coombs. Therefore, the court would interpret Taylor's allegations against Dr. Coombs as in his official capacity only. See Egerdahl, 72 F.3d at 619. Even if Taylor had alleged claims against Dr. Coombs in his individual capacity, Taylor has not alleged sufficient facts to support a claim that Dr. Coombs was deliberately indifferent to his serious medical needs. Rather, he has only alleged that Dr. Coombs wrongly diagnosed him. It is **RECOMMENDED** that Taylor's motion to add an additional defendant (Doc. #22) be **DENIED**.

### Conclusion

Taylor's complaint and supplemental documents do not state a claim upon which relief can be granted as to all defendants in their official capacities, or as to defendants Dr. Free and Dr. Broadhead in their individual capacities. However, Taylor has stated a viable claim against Dr. Jamie Roed in his individual capacity. The facts alleged in Taylor's motion to add an additional defendant do not state a claim that would entitle him to relief. Accordingly, it is **RECOMMENDED** that:

1)      The complaint be dismissed with prejudice as to all defendants in their official capacities;

2)      The complaint be dismissed with prejudice as to Dr. Free and Dr. Broadhead in their individual capacities;

3)  Taylor be allowed to proceed with his claim that Dr. Jamie Roed, in his individual

    capacity, was deliberately indifferent to Taylor's serious medical needs;

4)  Taylor's motion to add an additional defendant (Doc. #22) be denied;

5)  Taylor's three motions requesting that he be allowed to proceed with his claims

    (Doc. #17, Doc. #25, Doc. #27) be granted in part and denied in part; and

6)  The court find that any appeal of the dismissed claims would be frivolous, could

    not be taken in good faith, and may not be taken *in forma pauperis*.

Dated this 16th day of July, 2014.

 /s/ *Karen K. Klein*       
Karen K. Klein
United States Magistrate Judge

### Notice of Right to Object

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North

Dakota Local Court Civil Rule 72.1(D)(2) and (3), Taylor may object to this Report and

Recommendation by filing with the Clerk of Court no later than **August 4, 2014**, a pleading

specifically identifying those portions of the Report and Recommendation to which objection is

made and the basis of any objection. Failure to object or to comply with this procedure may

forfeit the right to seek review in the Court of Appeals.