# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Cory Allen Taylor, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 3:13-cv-73 |
| | ) **REPORT AND RECOMMENDATION** |
| Dr. Jamie Roed, | ) |
|         Defendant. | ) |

       Cory Allen Taylor (Taylor), proceeding pro se, filed a complaint alleging violations of 42 U.S.C. § 1983. The court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A,[1] and dismissed the complaint as to several defendants. (Doc. #33).

       After the preliminary review, Taylor was allowed to proceed with his claim that Dr. Jamie Roed, in his individual capacity, was deliberately indifferent to his medical needs. Id. On September 8, 2014, the Clerk of Court sent a request for waiver of service to the North Dakota Attorney General's Office. (Doc. #36). On October 27, 2014, the North Dakota Attorney General's Office notified the court that, since Dr. Roed was not a state employee, it could not waive service on Dr. Roed's behalf. (Doc. #40). Dr. Roed has never been properly served in this action.

       On January 23, 2015, the court entered an order reassigning the case to the undersigned Magistrate Judge, and a copy of the order was mailed to Taylor at his last known address. On January 29, 2015, the order was returned by the United States Postal Service as undeliverable,

---

[1] Taylor was a prisoner when he filed his complaint and was subject to the requirements of the Prison Litigation Reform Act. Taylor was released from incarceration prior to the court's preliminary review of the complaint. (Doc. #21).

with an indication that Taylor was deceased. (Doc. #43). There has been no motion to substitute a party on behalf of the deceased plaintiff.

The survival of a § 1983 claim after the death of a plaintiff is determined by the applicable state law governing survival of actions. Pritchard v. Smith, 289 F.2d 153, 158 (8th Cir. 1961). North Dakota Century Code § 28-01-26.1 provides, "No action or claim for relief, except for breach of promise, alienation of affections, libel, and slander, abates by the death of a party or of a person who might have been a party had such death not occurred." Therefore, Taylor's § 1983 claim survives his death.

Review of North Dakota's probate case records revealed no probate case having been initiated concerning Taylor's estate. The court accessed Taylor's obituary on Gilbertson Funeral Home's website, and identified Taylor's survivors. It appeared his closest adult survivor is his father—Donald Taylor. In an order dated April 21, 2015, the court allowed Donald Taylor an opportunity to request to be substituted as the party plaintiff. (Doc. #44). That order gave Donald Taylor until May 21, 2015, to file a motion to pursue this action on behalf of Cory Taylor's estate. The order stated that if the court did not receive a motion to substitute by May 21, 2015, this action might be dismissed. Id. Donald Taylor has not filed a motion to substitute, or responded in any other way.

It is therefore **RECOMMENDED** that the complaint be **DISMISSED** without prejudice for failure to prosecute.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Donald Taylor. Donald Taylor shall have until June 15, 2015, to file an objection to the recommendation that the case be dismissed.

Dated this 1st day of June, 2015.

    /s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge